[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11865
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20889-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN RODRIGUEZ RIVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 9, 2015)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Melvin Rodriguez Rivera appeals his 30-month upward variance sentence,

which the district court imposed after he pleaded guilty to one count of impersonating a federal officer, in violation of 18 U.S.C. § 912.  He contends that his sentence is both procedurally and substantively unreasonable.

We review the reasonableness of a sentence only for abuse of discretion. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  We first "ensure that the district court committed no significant procedural error," such as improperly calculating the guidelines range, basing the sentence on clearly erroneous facts, or inadequately explaining the chosen sentence.  Id.  We then examine whether the sentence was substantively reasonable in light of the totality of the circumstances.  Id.

At sentencing the district court determined that Rodriguez Rivera's base offense level was six and criminal history category was IV.  After deducting two levels for acceptance of responsibility, the court correctly calculated his guidelines range as two to eight months.  The court decided, however, that the guidelines range did not adequately account for Rodriguez Rivera's criminal history, which included at least five other offenses involving the impersonation of lawyers and government officials to swindle victims out of their money.  It concluded that an upward variance was appropriate in light of Rodriguez Rivera's recidivism and a number of the other § 3553(a) factors, including the need to promote respect for the law, to deter future criminal conduct, and to protect the public.  The court

2

sentenced Rodriguez Rivera to 30 months — a sentence above his guidelines range but below the three year statutory maximum penalty for his conviction. See 18 U.S.C. § 912.

That sentence is not procedurally or substantively unreasonable. The district court correctly calculated Rodriguez Rivera's guidelines range and explained in detail why it decided to vary from that range.[1] See Gall, 552 U.S. at 51, 128 S. Ct. at 597. When the district court varies from the guidelines, its justification "must be sufficiently compelling to support the degree of the variance." United States v. Irey, 612 F.3d 1160, 1187 (11th Cir. 2010) (en banc). A sentence outside the guidelines range is not presumptively unreasonable, however, and we must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. Rodriguez Rivera's repeated recidivism was a compelling justification for an upward variance, particularly when considered alongside the other § 3553(a) factors. See United States v. Shaw, 560 F.3d 1230, 1240–41 (11th Cir. 2009) (finding an upward variance based on the defendant's recidivism to be reasonable); United States v. Clay, 483 F.3d 739, 745 (11th Cir. 2007) ("Both the Guidelines calculations and the sentencing factors of section

---

[1] Rodriguez Rivera contends that the district court procedurally erred when it failed to follow the procedure set out by the sentencing guidelines for departures based on the inadequacy of a defendant's criminal history score. See U.S.S.G. § 4A1.3(4)(A). But the district court did not depart from the guidelines; it varied upward based on the § 3553(a) factors. See United States v. Kapordelis, 569 F.3d 1291, 1316 (11th Cir. 2009).

3553(a) require a judge to consider characteristics of the defendant and the offense that make it more or less likely that the defendant will reoffend.").

Ultimately, Rodriguez Rivera bears the burden of establishing that the district court sentenced him unreasonably in light of the record and the factors set forth in 18 U.S.C. § 3553(a).  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  He has not carried that burden.

**AFFIRMED.**